UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CHRISTINA BAILEY, a single person,**　　　　　　　CASE NO.:　6:07CV1205
**and KYLE GULLO, a single person,**
**MICHAEL DELNEGRO, a single person,**
**ANDREW JOHNSON, a single person,**
**ROBERT FOX, a single person, STEPHEN**
**BREWER, a single person, CIARA-**
**PAIGE BROWN, a single person, and**
**DEBBIE SVENNINGSON, a single person,**

　　　　　　　**Plaintiffs,**
v.

**PRISON HEALTH SERVICES, INC.**
**a foreign corporation,**
　　　　　　　**Defendant.**
_____/

## RESPONSE TO DEFENDANTS MOTION TO DISMISS AMENDED COMPLAINT AND SUPPORTING MEMORANDUM OF LAW

COMES NOW the plaintiffs by and through their undersigned counsel of record and files this timely Response to Defendant's Motion to Dismiss the Amended Complaint and as grounds therefore would show the following:

　　1.　　The defendant's position is that the plaintiffs have essentially filed a medical malpractice action and have not complied with the pre-suit notice requirements of FL. Stat. 766. Additionally, the defendant asserts the plaintiffs have not met, or have not plead compliance with all conditions precedent to maintaining suit.

　　2.　　In response, the plaintiffs' position is:

- the defendant is not a licensed "health care provider" under Fl. Stat. 766.101(1)(b), 766.202(4);
- defendant is not a "health care provider" as defined by Florida case law;
- defendant does not engage in the practice of medicine pursuant to the contract for services between defendant and the county of Volusia.

As such, the defendant is not entitled to the pre-suit notice requirements of Florida Statute 766.

- as to the second issue raised by the defendant, the plaintiffs' concede the complaint should contain allegations regarding conditions precedent and would request the court to dismiss the complaint without prejudice as to all plaintiffs and allow the plaintiffs leave of court to file a second amended complaint.

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS RESPONSE

A licensed health care provider under Florida Statute 766 is entitled to the pre-suit notice requirements of 766. *See Weinstock v. Groth,* 629 So.2d 835. Who, or what, is a "health care provider" under Florida Statute 766 has been a well litigated issue in the state of Florida. Usually, the litigation arose in the context of a statute of limitation defense. Fl. Stat. 766 defines "health care provider" in two different sections, 101(2)(b) and 202(4). Section 101(2)(b) defines "health care provider" as

> "...physicians licensed under Chapter 458, osteopathic physicians licensed under chapter 459, podiatric physicians licensed under chapter 461, optometrists licensed under chapter 463, dentist licensed under chapter 466, chiropractic physicians licensed under chapter 460, pharmacist licensed under chapter 465, or hospitals and ambulatory surgical centers licensed under chapter 395."

Section 202(4) defines "health care providers" as

> "...any hospital, ambulatory surgical center, or mobile surgical facility as licensed under chapter 383, any person licensed under chapter 458, chapter 459, chapter460, chapter461, chapter 462, chapter 463, part 1 of chapter 464, chapter 466, chapter 467, or chapter 468; a health maintenance organization certificated under part 1 of chapter 641, a blood bank; a plasma center; an industrial clinic; a renal dialysis facility; or a professional association, partnership, corporation, joint venture, or other association for professional activity by health care providers."

The *Weinstock*[1] court considered these definitions in deciding the case. The issue in

---

[1] *Weinstock* has been superceded by Fl. Stat. 400 and it has subsequently been held that nursing homes are not entitled to pre suit notice if the cause of action is solely for a violation of FL. Stat. 400.

*Weinstock* was whether a licensed psychologist was entitled to the pre-suit notice requirements of Fl. Stat. 766. The Supreme court held a licensed psychologist was not entitled to pre-suit notice because psychologists were not "health care providers" as defined by Fl. Stat. 766.101(2)(b) and/or 202(4). *Id.* The defendant in the case presently before the court is not a licensed "health care provider" under any of the above statutes. Therefore, the defendant is not entitled to pre suit notice.

The *Weinstock* court also approved the Second District Court of Appeals decision in *NME Properties, Inc. vs. McCulough* 590 So.2d 439, (Fl. 2d DCA 1991), which held that the proper test for determining whether a defendant is entitled to pre-suit notice under the Comprehensive Medical Malpractice Act is whether defendant is either directly or vicariously responsible for medical negligence. *Weinstock@* 838. The issue in *McCullough* was whether a nursing home, although not a "health care provider" as defined in Fl. Stat. 766, was entitled to pre-suit notice. The Second District Court of Appeals held that because the nursing home was vicariously responsible for the negligence of its agents and employees, that it was entitled to notice under Fl. Stat. 766.

It is a well settled principle of law that a principal is not vicariously liable for the acts of its independent contractors. Therefore, if the health care providers for the defendant are independent contractors, the defendant would not be entitled to pre-suit notice. Pursuant to the Health Services Agreement for Inmate Medical Services between defendant and the County of Volusia, the health care professionals employed by the defendant to deliver services are independent contractors. The health services agreement is attached hereto as exhibit "A." Section 7.02, Health Care Professionals, Page 14, states:

> "...as the relationship between the contractor and these health care professionals will be that of independent contractor, the contractor will not be considered or deemed to be engaged in the practice of medicine or other professions practiced by these professionals. The contractor will not exercise control over the manner or means by which these independent contractors perform there professional medical duties. However, the contractor shall exercise

>administration supervision over such professionals necessary to ensure the strict fulfillment of the obligations contained in this agreement.

The gravamen of the plaintiffs' complaint is that the defendant breached their duty to administratively supervise the professionals to ensure strict compliance. As a direct and proximate result of the failure to administratively supervise, the plaintiffs have been harmed. The plaintiffs' complaint in paragraphs 31-32, 36-37, 40-41, 45-46, 50-51, 55-56, 60-61 and 65-66, allege independent contractors provided mental health services to the various plaintiffs. On a motion to dismiss, the court must accept the allegations of the complaint to be true.

In conclusion, the defendant is not a "health care provider" under F.S. 766 and is therefore not entitled to pre-suit notice. Defendant's motion on this basis should be denied.

Plaintiffs concede that the amended complaint does not contain allegations regarding their compliance with conditions precedent to bringing this suit. As such, the plaintiffs would concede that the defendant's motion on this basis should be granted. Plaintiff would request the court to enter an order of dismissal without prejudice and allow plaintiffs leave of court to file a second amended complaint within ten days of the court's order.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 16, 2007, the foregoing was filed with the Clerk of Court by using the CMECF system which is electronically served to all counsel of record.

    /s/ J. David Kerce
J. DAVID KERCE, ESQUIRE
Florida Bar No. 902373
J. DAVID KERCE, P.A.
Post Office Box 470
Daytona Beach, Florida 32115-0470
Tel:   (386) 258-0073
Fax:   (386) 258-1331
dkerce@davidkerce.com
Attorney for Plaintiffs