**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**STEPHEN BREWER,**

        **Plaintiff,**

**-vs-**                              **Case No. 6:07-cv-1714-Orl-28DAB**

**PRISON HEALTH SERVICES, INC.,**

        **Defendant.**

_____

## ORDER

Plaintiff brought the instant action against Defendant Prison Health Services, Inc., alleging negligent supervision over the professionals providing health services to jail inmates pursuant to a contractual agreement Defendant entered into with the County of Volusia. (Am. Compl., Doc. 3.) This cause is before the Court on Defendant's Motion to Dismiss (Doc. 5), Plaintiff's Response (Doc. 8), and Defendant's Reply (Doc. 19).[1]

### I. Background

Plaintiff alleges that he was denied the medication he takes for bipolar disorder and dysthymia during his incarceration. (Am. Compl. ¶¶ 25.) Upon his release, he claims his bipolar was uncontrolled and that he was in a manic state. (Id. ¶ 26.) He reoffended and was arrested in less than twenty-four hours. (Id.) During the second period of incarceration,

---

[1] This case originally included eight individual plaintiffs, but Defendant's Motion to Sever (Doc. 13) was recently granted (Doc. 20). Defendant's original Motion to Dismiss was refiled in each newly numbered case. This Order pertains to this single Plaintiff; however, because Plaintiff's Response to the argument addressed in footnote two failed to distinguish between the plaintiffs, footnote two pertains to all eight original plaintiffs.

Plaintiff was deemed suicidal and kept in solitary confinement for three days and in the mental health ward for seven days. (Id.) He was not given any psychotropic medication. (Id.) Plaintiff claims that this constituted a breach of the duty assumed and owed to him and that it caused him damages. (Id. ¶¶ 50 & 53.)

## II. Discussion

Defendant raises two arguments in support of its Motion to Dismiss. First, Defendant argues that Plaintiff's claim is really one for medical malpractice, and, as such, Plaintiff was required to comply with the statutory conditions precedent before filing his claim. (Doc. 5 ¶ 5.) Second, Defendant claims that Plaintiff has either failed to exhaust his administrative remedies before filing this suit or has failed to properly allege the satisfaction of the conditions precedent to bringing suit.[2] (Id. ¶¶ 6 & 7.) Plaintiff concedes that the Amended Complaint does not adequately allege the exhaustion of administrative remedies and asks to be permitted to remedy the deficiency. In light of this concession, the Court turns to Defendant's first argument regarding section 766.106, Florida Statutes. In response to this argument, Plaintiff argues that Defendant is not a healthcare provider and thus is not entitled to presuit notice and screening.

Section 766.106, Florida Statutes – part of the Comprehensive Medical Malpractice Reform Act of 1985 – identifies medical negligence or medical malpractice claims as those

---

[2] Defendant argues that Plaintiffs Bailey, Johnson, and Fox were still incarcerated when they filed suit and have failed to exhaust their administrative remedies prior to filing. As to Plaintiffs Gullo, Delnegro, Brewer, Brown, and Svenningson, however, Defendant argues that they have not pled the conditions precedent to filing suit. Plaintiff does not address this distinction the Response and merely requests that the Court dismiss the action with leave to amend to remedy the deficiency.

"arising out of the rendering of, or the failure to render, medical care or services." § 766.106(1)(a), Fla. Stat.  A claimant must comply with certain procedural requirements prior to initiating a lawsuit, including providing the defendant with a notice of intent to sue, id. § 766.106(2), and conducting presuit screening, id. § 766.203(2).  "No suit may be filed for a period of 90 days after notice is mailed to any prospective defendant."  Id. § 766.106(3)(a).  These requirements are conditions precedent to maintaining a suit for medical malpractice.  Univ. of Miami v. Wilson, 948 So. 2d 774, 776 (Fla. 3d DCA 2006).  A complaint alleging medical malpractice is properly dismissed if these provisions are not satisfied.  Goldfarb v. Urciuoli, 858 So. 2d 397, 398-99 (Fla. 1st DCA 2003).  A plaintiff is typically afforded leave to amend, however, if the statutory period for initiating suit has not "run before the plaintiff attempts to fulfill the presuit notice or screening requirements."[3]  S. Neurological Assocs., P.A. v. Fine, 591 So. 2d 252, 255 (Fla. 4th DCA 1991).  Thus, if Plaintiff's suit is one for malpractice rather than ordinary negligence and if Defendant is a "health care provider," Plaintiff's suit should be dismissed with leave to file a Second Amended Complaint after complying with the statutory prerequisites to bringing suit.

    Plaintiff's artful pleading attempts to avoid the presuit screening and notice

---

[3] Defendant refers to the availability of this procedural cure, but it then states that Plaintiff's "failure to comply with Florida's Medical Malpractice Presuit Screening Requirements is fatal to [his] claims" and that "the Amended Complaint should be dismissed with prejudice." (Doc. 5 at 6.)  Defendant does not argue that the statute of limitations period has run, and thus there is a gap in Defendant's logic.  All but one of the eight plaintiffs originally joined in this suit were arrested and incarcerated during this calendar year.  From the face of the Amended Complaint, it appears that the statute of limitations has not run.  Moreover, the limitations period will be tolled once the presuit notices are sent.  See S. Neurological Assocs., P.A. v. Fine, 591 So. 2d 252, 255 (Fla. 4th DCA 1991); § 766.106(4), Fla. Stat.

requirements of Florida's statutory scheme. His claim directly relates to medical and mental diagnosis, treatment, and care by a healthcare provider in a correctional setting. See Nelson v. Prison Health Servs., Inc., 991 F. Supp. 1452, 1466 (M.D. Fla. 1997) ("It is not disputed, however, that PHS and the Nurses are "health care providers" for purposes of the statute, and so the question is whether Plaintiff has come forward with sufficient evidence that [their] alleged actions . . . represented a breach of the prevailing professional standard of care.") (citation and internal quotation marks omitted); cf. Rolle v. Brevard County, Fla., No. 6:06-cv-714, 2007 WL 328682, at *11-12 (M.D. Fla. Jan 31, 2007).

Plaintiff claims that the supervisors are not vicariously liable for the acts of the health care providers because according to the service contract between Defendant and the County of Volusia, the healthcare providers are independent contractors. Plaintiff's argument is not well-taken. Even if the Court were to accept Plaintiff's attempt to distinguish the alleged tortfeasors in this manner, the supervisors' liability would depend on the healthcare providers having committed medical malpractice. Because the resolution of this case will require the application of the prevailing professional standard of care for a healthcare provider, the Court determines that Plaintiff was required to comply with the presuit procedural statutory requirements. See NME Props., Inc. v. McCullough, 590 So. 2d 439, 441 (Fla. 2d DCA 1991), superseded by statute on other grounds, § 400.023 (1993), Fla. Stat., as recognized in Preston v. Health Care & Retirement Corp. of Am., 785 So. 2d 570, 572 (Fla. 4th DCA 2001).

Accordingly, it is **ORDERED** that Defendant's Motion to Dismiss (Doc. 5) is **GRANTED**. This case is dismissed without prejudice to refile upon satisfaction of sections

766.106 and 766.203, Florida Statutes.  The Clerk shall close this file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 8th day of November, 2007.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party